Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Gregory J. Larson, SB 029641
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 418-5283
Fax: (866) 359-3374
greg@larsonandsimpson.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Celeste A. Gurr; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Bank of America, National Association; | (Jury Trial Demanded) |
| Defendant. | |

**Preliminary Statement**

1. On one or more occasions Defendant obtained the Plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunc-

1 tive relief.

## Jurisdiction and Venue

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), and in that the Defendant's conduct complained of occurred in the District.

## Parties

4. Plaintiff is an individual who resides in Pinal County, Arizona.

5. Defendant Bank of America, National Association ("BANA") is a nationally chartered bank doing business within the state of Arizona.

6. BANA was formerly known as FIA Card Services, N.A.

## Factual Allegations

### *The Impermissible Access*

7. On January 20, 2015, BANA accessed or obtained a consumer report (hereinafter "credit report" or "consumer report") on Ms. Gurr from Trans Union, a national consumer reporting agency.

8. BANA's stated purpose for requesting the credit report was "account review."

9. Every account Ms. Gurr has had with BANA was included in a Chapter 7 bankruptcy case converted from Chapter 13 on June 11, 2014, and discharged on October 7, 2014.

10. At the time of the inquiry, Ms. Gurr had no active or open accounts with BANA to review.

11. BANA was sent notice of Ms. Gurr's conversion from Chapter 13 to Chapter 7 by the bankruptcy court on or about June 12, 2014.

12. BANA was also sent notice of Ms. Gurr's bankruptcy discharge by the bankruptcy court on or about October 7, 2014.

13. BANA did not have a permissible purpose for making the credit report inquiry on Plaintiff on January 20, 2015.

14. At the time BANA made its inquiry, BANA knew that all accounts it previously had with Ms. Gurr were closed.

15. At the time BANA made its inquiry, BANA knew that all accounts it previously had with Ms. Gurr were included and discharged in Ms. Gurr's Chapter 7 bankruptcy.

16. At the time BANA made its inquiry, BANA knew that its stated purpose for obtaining Ms. Gurr credit report, that of "Account Review," was false.

17. At the time BANA made its inquiry, BANA knew that it did not have a permissible purpose to access Ms. Gurr's credit report.

18. Upon information and belief, at the time BANA obtained Plaintiff's credit report on January 20, 2015, BANA had a policy of regularly ignoring the bankruptcy discharge of its prior customers and regularly obtained credit reports under the guise of an "Account Review."

### *Other Impermissible Accesses*

19. Upon information and belief, BANA accessed Ms. Gurr's consumer report one or more times between May 13, 2013 and May 13, 2015 without a permissible purpose.

### **Count I.   Violation of FCRA**
### *Negligently Obtaining Consumer Report Without Permissible Purpose*

20. Plaintiff incorporates the preceding paragraphs.

21. BANA acted negligently in requesting and obtaining Ms. Gurr's credit reports without a permissible purpose.

22. BANA's conduct in obtaining Ms. Gurr's credit reports without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

23. As a result of BANA's violation of the FCRA, Ms. Gurr has suffered an invasion privacy, and other actual damages.

WHEREFORE, the plaintiff requests that this Court enter judgment in her favor and against defendant BANA as follows:

    a. pursuant to 15 U.S.C. § 1681*o*(a)(1), award her actual damages, for each impermissible access of her credit report;

    b. pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action and reasonable attorney fees; and

    c. grant such other and further relief as the court deems just and proper.

## Count II. Violation of FCRA

*Willfully Obtaining Consumer Report Without Permissible Purpose*

24. Plaintiff incorporates the preceding paragraphs.

25. BANA acted willfully in requesting and obtaining Ms. Gurr's credit reports without a permissible purpose.

26. BANA's conduct in willfully obtaining Ms. Gurr's credit reports without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

27. As a result of BANA's violation of the FCRA, Ms. Gurr has suffered an invasion privacy, and other actual damages.

WHEREFORE, the plaintiff requests that this Court enter judgment in her favor and against defendant BANA as follows:

1  a. pursuant to 15 U.S.C. § 1681n(a)(1)(A), award her actual damages, or not less than $100 and not more than $1,000 for each impermissible access of her credit report, whichever is greater;

4  b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

6  c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

8  d. grant such other and further relief as the court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  May 13, 2015  .

    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Gregory J. Larson, SB 029641
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 418-5283
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorneys for Plaintiff